FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2013 MAY 10  P 12: 39

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

SAHARA SMOKE CO.,

    Plaintiff,

v.

JOHN KAKO
Serve:
John Kako
400 El Camino Ave
Sacramento, CA 95815

and

SAHARA HOOKAH LLC,
Serve:
John Kako, Registered Agent
400 El Camino Ave
Sacramento, CA 95815

    The defendants.

Civil Action No. 1:13 CV 582
CMH/JFA

# COMPLAINT

Sahara Smoke Co. ("Sahara Smoke"), by counsel, submits the following complaint against John Kako and Sahara Hookah LLC:

## NATURE OF THE ACTION

1. This is an action for trademark infringement and unfair competition under the Federal Trademark Act of 1946 ("The Lanham Act"), codified at 15 U.S.C. 1025 *et seq.*, and under the statutes and common law of the Commonwealth of Virginia. Sahara Smoke seeks equitable and monetary relief from Kako and Sahara Hookah's willful violations of Sahara Smoke's trademark rights in its registered SAHARA trademark;

1

which Sahara Smoke has used extensively and promoted in various ways across hookah and smoking tobacco related products.

2. Kako, a former licensee of Sahara Smoke, through his former business, Babylon Smoke Company, has changed the name of his business to Sahara Hookah, and maintained a business presence, including marketing and advertising under the SAHARA name as well as using the SAHARA name in the business' corporate identity.

3. Kako and his alter-ego business Sahara Hookah, continue to confuse consumers, misappropriate Sahara Smoke's trademark rights in the word SAHARA, and willfully disregard Sahara Smoke's attempts to resolve the matter.

## THE PARTIES

4. The plaintiff, Sahara Smoke Co., is a corporation organized under the laws of the State of Georgia; it has a principal place of business of 32 Joe Kennedy Blvd., Statesboro, Georgia, 30458.

5. On information and belief, the defendant John Kako is a resident of the State of California, residing at 400 El Camino Ave., Sacramento, California, 95815

6. On information and belief, the defendant Sahara Hookah, LLC, is a limited liability company organized under the laws of the State of California; on information and belief, it has a principal place of business of 400 El Camino Ave., Sacramento, California, 95815.

## JURISDICTION

7. This court has general personal jurisdiction over the defendants based on their continuous and systematic contacts with Virginia, including the defendants' sale of products in Virginia and shipment of products into Virginia.

8. This court has specific personal jurisdiction over the defendants because they have purposefully availed themselves of the privilege of conducting business in Virginia.

9. The defendants, directly or through authorized agents, disseminate advertising featuring the mark that is the subject of this lawsuit to consumers located in Virginia.

10. The defendants have sold products using the brand name "Sahara Hookah" and "Sahara" to residents of Virginia and have shipped those products to addresses in Virginia. *See Exhibit 18.*

11. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Because the defendants are both citizens of the State of California, Sahara Smoke is a citizen of the State of Georgia, and the matter in controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under 28 U.S.C. § 1332. The Court has supplemental jurisdiction over Sahara Smoke's state law claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims and arise out of the same case or controversy.

12. Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to Sahara Smoke's claims have occurred and are continuing to occur in this District.

**SAHARA SMOKE CO. AND ITS PRODUCTS**

13. Sahara Smoke Co. is the country's pre-eminent supplier of high quality hookahs and hookah tobacco products. Through its insistence on quality, and through constant solicitation of customer feedback, Sahara Smoke has revolutionized the hookah industry in the United States.

14. Sahara Smoke Co.'s products are sold nationwide and worldwide. In 2012, for

3

example, Sahara Smoke Co. sold hundreds of thousands of hookahs and related products in the United States under the SAHARA trademark. *See Exhibit 1, containing a listing of samples of products sold under the SAHARA trademark.*

15. Sahara Smoke uses the SAHARA brand name as its primary online presence and web store, at <www.saharasmoke.com>. *See Exhibit 2, attached.*

16. Sahara Smoke Co. promotes its products through multiple advertising venues, including magazine advertisements in trade magazines such as "HQ" magazine, direct mail-outs, trade show exhibits, point of sale advertisements, sponsorships, social media, and a significant web presence. *See Exhibit 3 containing multiple examples of SAHARA brand advertising and promotion.*

17. Sahara Smoke Co.'s hookahs have been featured in Hollywood films such as *Zombieland*, where the Bill Murray character is shown relaxing with the other characters and smoking from a Sahara brand hookah; *Harold and Kumar Escape From Guantanamo Bay*, where the protagonists browse an array of Sahara brand Hookahs at a hookah shop; and *Jack Goes Boating*, in which star Philip Seymour Hoffman smokes tobacco from a SAHARA brand hookah. *See Exhibit 4 containing still pictures from scenes in the films in which SAHARA brand hookahs are pictured.*

18. Sahara Smoke Co's SAHARA brand hookahs are prominently featured in connection with celebrity musicians and rappers, such as Wiz Kahlifa, who featured SAHARA brand hookahs in a recent music video, Wyclef Jean, and French Montana. *See Exhibit 5.*

19. A Sahara Smoke Co's SAHARA brand hookah was a key prop in the January 20, 2013 episode of *Law and Order, SVU*, in which the primary antagonist and perpetrator of that episode's crime, purchases a SAHARA brand hookah from a

smoke shop, and that purchase becomes a key clue to the detectives tracking him down. *See Exhibit 6.*

20. Sahara Smoke Co. maintains a significant online marketing presence, highlighting the SAHARA brand, through the use of websites like Facebook and Twitter. *See Exhibit 7.*

## SAHARA SMOKE CO.'S "SAHARA" TRADEMARK

21. Sahara Smoke Co.'s primary brand and its business identity is the trademark SAHARA.

22. Sahara Smoke uses the SAHARA brand name to promote all of its products. For example, Sahara Smoke sells SAHARA brand hookahs, hookah bowls, tiers, hoses, hookah bags, and other smoking related products. *See Exhibit 1, attached.*

23. Sahara Smoke uses the SAHARA brand name as its primary online presence and web store, at <www.saharasmoke.com>. *See Exhibit 2, attached.*

24. Sahara Smoke has used the brand name from the company's inception in 2002, and the trademark SAHARA continues to be the focal point of Sahara Smoke's entire marketing and advertising existence.

25. For example, from the beginning of its business, Sahara Smoke has advertised and continues to advertise its SAHARA brand hookahs, hookah tobacco and related products through multiple web stores, including its flagship web store at <saharasmoke.com>, and through a state-by-state business to business marketing campaign designed to introduce SAHARA brand products to small, locally owned smoke shops.

26. In 2012, as well, Sahara Smoke began an international business development campaign to introduce the SAHARA brand of hookahs and hookah tobacco to

5

consumers in Europe and in Africa.

27. To fulfill its customers' desire for high quality hookah and tobacco products, Sahara Smoke employs more than 40 people in its Georgia headquarters and across the country.

28. Sahara Smoke spends more than $150,000 per year on marketing and advertising expenditures, including having spent more than $250,000 in 2012 advertising its SAHARA brand products.

**SAHARA SMOKE CO'S REGISTRATION OF THE "SAHARA" TRADEMARK**

29. In addition to its common law rights to the SAHARA name, Sahara Smoke Co. owns the following federal trademark registration for the brand name SAHARA, which is valid and subsisting. *See Exhibit 8, attached.*

| Mark | Registration No. | Registration Date | Products/Services |
|---|---|---|---|
| SAHARA | 3816894 | July 13, 2010 | Hookahs; Pipe tobacco; Smoking pipes; Tobacco in Class 34<br><br>On-line wholesale and retail store services featuring hookahs and tobacco. in Class 35 |

**KAKO AND SAHARA HOOKAH CO.'S UNLAWFUL ACTS**

30. In the summer of 2005, Sahara Smoke Co.'s principal, Rodney Masri, encountered the defendant John Kako at an industry trade show in Las Vegas.

31. At that time, Kako traded under the name Babylon Sales.

32. Kako and Babylon Sales began purchasing SAHARA brand products and re-selling them to consumers.

33. In December, 2005, Kako changed the name of his business from Babylon Sales to

Sahara Hookah.

34. On Kako's representation that he exclusively distributed Sahara Smoke Co. hookah products, and on Kako's further representation that his business was limited to the Northern California area, Sahara Smoke Co. consented to his use of the SAHARA brand name in connection with his sales of Sahara Smoke Co. products, in that limited geographic area.

35. In August, 2009, at the ASD Consumer Good tradeshow in Las Vegas, Nevada, Masri was approached by consumers of SAHARA brand products and questioned about a catalog those consumers had received.

36. This catalog bore the name Sahara Hookah, and was from Mr. Kako's company Sahara Hookah Co.

37. On discussion with Mr. Kako, and further investigation, Sahara Smoke CO. discovered the following:

38. Mr. Kako or Sahara Hookah registered the domain name <saharahookah.com> and has used and continues to use it to sell hookahs and tobacco related products. *See Exhibit 9, attached.*

39. Mr. Kako or Sahara Hookah registered the domain name <saharahookah.com> in bad faith to profit from Sahara Smoke Co.'s investment in the trademark SAHARA.

40. Mr. Kako or Sahara Hookah continues to use the domain name <saharahookah.com> in bad faith to profit from Sahara Smoke Co.'s investment in the trademark SAHARA. *See Exhibit 10, attached.*

41. Mr. Kako or Sahara Hookah had created a page on Facebook under the name SAHARA HOOKAH and has used and continues to use it to advertise and sell hookahs and tobacco related products. *See Exhibit 11, attached.*

42. Mr. Kako or Sahara Hookah opened a business in Sacramento, CA using the name SAHARA HOOKAH and has used and continues to use the business to sell hookahs and tobacco related products. *See Exhibit 12, attached.*

43. Mr. Kako or Sahara Hookah opened a store in Chicago, IL under the name SAHARA SMOKE and has used and continues to use the store to sell hookahs and tobacco related products. *See Exhibit 13, attached.*

44. Mr. Kako or Sahara Hookah had sold and continues to sell products other than Sahara Smoke Co.'s products, using the trademark SAHARA.

45. Mr. Kako or Sahara Hookah has sold and continues to sell products using the trademark SAHARA outside the Northern California area.

46. On September 22, 2009, Sahara Smoke Co., by counsel, sent Kako a letter demanding he stop infringing the SAHARA trademark. *See Exhibit 14.*

47. On October 13, 2009, Kako responded that he would not stop infringing the mark. *See Exhibit 15.*

48. In August, 2010, after receiving Sahara Smoke Co.'s cease and desist letter, and after negotiations between the parties, Mr. Kako and Sahara Hookah applied for registration of the mark SAHARA HOOKAH with the USPTO, knowing of the existence of Sahara Smoke Co.'s claim of rights to the mark SAHARA. *See Exhibit 16.*

49. Mr. Kako and Sahara Hookah's application was denied due to the existence of Sahara Smoke Co.'s registration of the mark SAHARA. *See Exhibit 17.*

50. Between 2009 and early 2013, Sahara Smoke Co. attempted to negotiate with Kako and Sahara Hookah an agreement to end Kako and Sahara Hookah's infringement of the SAHARA mark in a way that did not sever the business relationship between the

8

parties. Including, sending a proposal for a license agreement between the parties, and corresponding with Kako through counsel about the infringement.

51. In February 2013, at an industry tradeshow, Kako stated unequivocally to Rodney Masri, of Sahara Smoke Co., that he was uninterested in an amicable settlement.

52. This complaint therefore follows.

### INJURY TO SAHARA SMOKE CO. AND THE PUBLIC

53. The defendants' unauthorized use of Sahara Smoke Co.'s SAHARA trademark is likely to cause confusion, mistake, and deception as to the source or origin of the defendants' products, and is likely to falsely suggest a sponsorship, connection, or association between the defendants, their products, services, and commercial activities and Sahara Smoke Co.

54. The defendants' unauthorized use of Sahara Smoke Co.'s SAHARA trademark has irreparably damaged Sahara Smoke Co., and if permitted to continue, will further damage Sahara Smoke Co., irreparably.

55. The defendants' unauthorized use of Sahara Smoke Co.'s SAHARA trademark has irreparably damaged the public, which has an enforceable interest in remaining free from confusion as to the source and quality of goods members of the public wish to purchase; if permitted to persist, the defendants' unauthorized use of Sahara Smoke Co.'s SAHARA trademarks will continue to irreparably damage the public.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

56. Sahara Smoke Co. repeats and re-alleges each allegation set forth in Paragraphs 1 through 55 of this complaint.

57. Without Sahara Smoke Co.'s consent, The defendants used and continue to use in commerce reproductions, copies, and colorable imitations of Sahara Smoke Co.'s registered SAHARA trademark in connection with the offering, distribution, and advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation Of Origin, Passing Off, and Unfair Competition Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

58. Sahara Smoke Co. repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 of this Complaint.

59. The defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of The defendants, its products, its services, and/or its commercial activities by or with Sahara Smoke Co., and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
### Trademark Infringement Under Va. Code § 59.1-92.1 et seq.

60. Sahara Smoke Co. repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 of this Complaint.

61. The defendants' use, without the consent of Sahara Smoke Co., of a reproduction and/or colorable imitation of Sahara Smoke Co.'s SAHARA trademark/tagline in

10

connection with the sale, offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to deceive as to the origin of the goods or services, and thus constitutes trademark infringement in violation of Va. Code § 59.1-92.1 *et seq.*

## FOURTH CLAIM FOR RELIEF
### Trademark Infringement and Unfair Competition
### Under Virginia Common Law

62. Sahara Smoke Co. repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 of this Complaint.

63. The defendants' actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of The defendants with Sahara Smoke Co., or as to the origin, sponsorship, or approval of The defendants, its products, its services, and its commercial activities by or with Sahara Smoke Co. such that The defendants' acts constitute infringement of Sahara Smoke Co.'s proprietary rights in its SAHARA mark, misappropriation of Sahara Smoke Co.'s goodwill in that marks, and unfair competition under Virginia common law.

## FIFTH CLAIM FOR RELIEF
### Violation of the Anticybersquatting Consumer Protection Act

64. Sahara Smoke Co. repeats and realleges each and every allegation set forth in Paragraphs 1 through 55 of this Complaint.

65. The domain name <saharahookah.com> is confusingly similar to the registered SAHARA trademark and Sahara Smoke Co.'s domain name <saharasmoke.com>.

66. The defendants registered and used the infringing domain name with the bad faith intent to cause harm to Sahara Smoke Co., and the intent to profit unlawfully from Sahara Smoke Co.'s mark by using the mark to advertise and promote the defendants'

goods and services.

67. The defendants registered and used the infringing domain name with the bad faith intent to divert consumers from Sahara Smoke Co.'s online location to their website accessible through the infringing domain name and with the bad faith intent

68. The defendants' actions constitute cyberpiracy in violation of 15 U.S.C. § 1125(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Sahara Smoke Co. respectfully requests that this court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

A. An Order declaring that the defendants' use of SAHARA infringes and dilutes Sahara Smoke Co.'s SAHARA mark, and constitutes unfair competition under federal and/or state law, as detailed above.

B. A permanent injunction enjoining The defendants and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1. From using, registering, or seeking to register SAHARA or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of Sahara Smoke Co.'s SAHARA trademark/tagline in manners likely to cause confusion or dilution with Sahara Smoke Co.'s SAHARA trademark/tagline, including but not limited to in connection with any other wording or designs;

2. From representing by any means whatsoever, directly or

indirectly, that The defendants, any products or services offered by The defendants, or any activities undertaken by The defendants, are associated or connected in any way with Sahara Smoke Co. or sponsored by or affiliated with Sahara Smoke Co. in any way; and

    3.    From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2) above.

C.    An Order directing The defendants to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear the trademark/tagline or slogan SAHARA or any other marks, logos, designs, designations, or indicators that are confusingly similar to or dilutive of Sahara Smoke Co.'s SAHARA trademark in accordance with 15 U.S.C. § 1118 and other applicable laws, including but not limited to Va. Code § 59.1-92.1 *et seq.*

D.    An Order requiring the defendants to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, agents, and representatives to address the likely confusion and dilution caused from its use of Sahara Smoke Co.'s SAHARA trademark/tagline.

E.    An Order directing that, within thirty (30) days after the entry of the injunction, the defendants file with this court and serve on Sahara Smoke Co.'s attorneys a report in writing and under oath setting forth in detail the manner and form in which the defendants has complied with the injunction.

F.    An Order requiring the defendants to transfer ownership of the domain name

&lt;saharahookah.com&gt; and any other domain names containing or likely to cause confusion with the SAHARA trademark to Sahara Smoke Co.

G. An Order requiring the defendants to account for and pay to Sahara Smoke Co. any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Va. Code § 59.1-92.1 *et. seq.*

H. An Order requiring The defendants to pay Sahara Smoke Co. damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Va. Code § 59.1-92.1 *et. seq.*

I. An Order requiring The defendants to pay Sahara Smoke Co. all of its litigation expenses, including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

J. An Order requiring The defendants to pay Sahara Smoke Co. punitive damages for trademark infringement and unfair competition under Virginia common law.

K. Other relief as the court may deem appropriate.

Respectfully Submitted,

SAHARA SMOKE CO.

Dated: 5/10/13

By: _____

        Christopher R. Shiplett
        Virginia Bar No. 74210
        Premier Law Group, PLLC
        11350 Random Hills Rd
        Suite 800
        Fairfax, VA 22030
        (p) 703-934-6031
        (f) 703-591-3049
        (e) cshiplett@premierpatents.com

*Attorney for Plaintiff*